# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| LEONARD WILLIAM WILLIS, JR., | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 5:09-CR-31/5:12-CV-90135 (MTT) |
| v. | ) | NO. 5:09-CR-67/5:12-CV-90136 (MTT) |
| | ) | NO. 5:09-CR-69/5:12-CV-90137 (MTT) |
| UNITED STATES OF AMERICA, | ) | NO. 5:09-CR-73/5:12-CV-90138 (MTT) |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Magistrate Judge's Recommendation[1] on the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence[2] pursuant to 28 U.S.C. § 2255. The Magistrate Judge recommends denying the Petitioner's motion on the Petitioner's claim that his guilty plea was not knowing and voluntary because the record shows that the Petitioner was aware of his maximum sentence exposure and the consequences of his guilty plea. The Magistrate Judge further recommends denying the motion because the Petitioner failed to show he was prejudiced by his counsel's alleged failure to adequately advise the Petitioner regarding his maximum sentence exposure, and therefore, the Petitioner failed to establish a claim for ineffective assistance of counsel.

---

[1] The Recommendation appears as Doc. 62 in 5:09-CR-31, Doc. 35 in 5:09-CR-67, Doc. 35 in 5:09-CR-69, and Doc. 33 in 5:09-CR-73.

[2] The Petitioner filed an identical motion in each of his four cases as Doc. 56 in 5:09-CR-31, Doc. 30 in 5:09-CR-67, Doc. 31 in 5:09-CR-69, and Doc. 28 in 5:09-CR-73. The Petitioner also filed an amended motion (Doc. 31) in 5:09-CR-73 only. The Recommendation considered the claims raised in the original and amended motions.

The Petitioner filed a petition / motion for a certificate of appealability which the Court also construes as an objection to the Magistrate Judge's recommendations.[3]

Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the objection and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects. The Petitioner alleges that his counsel advised him that the maximum sentence he could receive was 240 months,[4] and the Petitioner now argues that the Court failed to consider whether a head injury his counsel suffered shortly before the Petitioner entered into his plea agreements prevented his counsel from rendering effective assistance. The Petitioner, however, did not assert the claim regarding his counsel's head injury in either his original or amended motions for the Court to consider, nor does he now make a compelling argument or provide any supporting evidence that the injury had any impact on his counsel's advice.[5] Even if the Petitioner's counsel did inform him that his maximum sentence would be 240 months, the Petitioner's plea was nevertheless knowing and voluntary because the Petitioner was advised at the plea hearing of "the maximum possible penalties he faced and the fact that the court was not bound by counsel's sentencing estimates." *United States v. Herrington*, 350 F. App'x 363, 369 (11th Cir. 2009) (citing *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001)). The record makes clear that the Petitioner

---

[3] The petition / motion for a certificate of appealability was also construed as a notice of appeal of the Recommendation. The Eleventh Circuit dismissed the appeal *sua sponte* for lack of jurisdiction because the Recommendation was not a final and appealable order.

[4] The Petitioner's guideline range was 168 to 210 months, but the Court found an upward departure and variance was warranted and imposed a sentence of 300 months. (Doc. 50 at 18).

[5] At his change of plea hearing, the Petitioner did not raise any concerns regarding either his counsel's alleged promises or her head injury. Instead, the Petitioner expressed that he had sufficient time to discuss his case with counsel and that he was satisfied with her services. (5:09-CR-31 - Doc. 49 at 10-11).

understood the plea agreements, and the Petitioner never informed the Court of his counsel's alleged promises.

Also before the Court is the Petitioner's motion requesting leave to amend his § 2255 motion to assert new claims. (Doc. 70). First, the Petitioner claims that his Fifth, Sixth, and Eighth Amendment rights were violated when the Court "imposed a term of imprisonment in excess of the minimum mandatory proscribed sentencing range based upon the 'facts' covered in the indictment and not proven to the jury beyond a reasonable doubt as defined in" *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Doc. 70 at 2). Second, the Petitioner asserts that he received ineffective assistance of counsel because his counsel failed to object during the sentencing proceedings based on the holding in the above case.

First, the Petitioner's motion to amend is untimely. The Petitioner's conviction became final on July 11, 2011, and any claims raised after the one-year statute of limitations are barred unless the claims "relate back" under Fed. R. Civ. P. 15(c). *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000). New claims "will relate back and be considered timely if they 'arose out of the conduct, transaction, or occurrence' set forth in [the] original § 2255 motion." *Id.* The Petitioner's original claims relate to the voluntariness of his guilty plea and his counsel's alleged failure to adequately advise him of his maximum sentence exposure. The Petitioner's new claims, however, are based upon alleged facts not charged in the indictment and not proven to a jury beyond a reasonable doubt that increased the minimum mandatory sentencing range. The new claims "arose from separate conduct and occurrences in both time and type" and, therefore, do not relate back. *Id.* at 1346.

Even if the Petitioner's new claims were timely, the case that the Petitioner bases these claims on is inapplicable. *Alleyne* requires a fact that increases a minimum mandatory sentence to be treated as an element of a crime that must be submitted to a jury. 133 S. Ct. at 2155. The Petitioner does not challenge his sentence based on facts that increased a minimum mandatory sentence. Rather, the Petitioner entered a guilty plea and received an upward departure and variance based on 18 U.S.C. § 3553 factors. Finally, a claim that his counsel was ineffective for failing to raise objections premised on *Alleyne* at the sentencing hearing fails because the sentencing hearing occurred three years prior to the Supreme Court's decision. Accordingly, the Petitioner's motion to amend is **DENIED**.

The Recommendation is adopted and made the order of this Court, and the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED**. Further, the Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability is also **DENIED**.

**SO ORDERED**, this the 19th day of August, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT